**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Skynet Corporation d/b/a
ZeroBrokerFees.com

    v.                              Civil No. 06-cv-218-JM

New Hampshire Real Estate Commission, et al.


**O R D E R**

Defendants move for a protective order:

A.    That plaintiff is not permitted to depose the defendants or a designated representative of the Commission concerning how the Commission (1) interprets the REPA; (2) applies the REPA to plaintiff or any other individual or entity; (3) may rule in the ISoldmyHouse.com matter currently pending before the Commission or any other hypothetical fact pattern concerning how the Commission may interpret or apply the REPA.

B.    That the plaintiff is not permitted to depose defendants or a designated representative of the Commission concerning any decision which the Commission has made in a judicial capacity.

Plaintiff objects.

Discussion

There is no doubt that the New Hampshire Real Estate Commissioners do act as quasi-judicial decision-makers.  "(T)he Supreme Court long ago declared it 'wholly improper' to submit the members of a state administrative board to an 'elaborate cross-examination with regard to the operation of their minds'. Chicago, Burlington & Quincy Ry. Co. v. Babcock, 204 U.S. 585, 593 (1907)."  Hoeft v. MVL Group, Inc., 343 F.3d 57, 67 (2nd Cir. 2003).  In short inquiry cannot be made "regarding the thought processes underlying their decisions." Id.  On the other hand, employees or agent, even commissioners, are subject to discovery of the existence of decisions, policies and practices.

At this time, the parties have agreed to forego the depositions of defendants Slattery, Heath, Stephen, Ikawa and Leroy and proceed with only the deposition of a designated representative.  How the Commission interprets the Real Estate Practices Act or its thought processes in applying it to specific facts to reach a decision is not a subject for deposition but what it has done, said, ordered or delegated is appropriate.

The motion is granted in part and denied in part.  Neither party is entitled to the broad ruling each seeks.  Plaintiff may

take the deposition asking only those questions permitted by law

as I have suggested.  Defense counsel may object and instruct the

witness not to answer as permitted by law and as suggested by

this order.

     **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: April 2, 2007

cc:   Valerie J. Bayham, Esq.
       Charles G. Douglas, III, Esq.
       James William Kennedy, Esq.
       Jason R.L. Major, Esq.
       William H. Mellor, Esq.
       Steven M. Simpson, Esq.