UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Skynet Corp., d/b/a
ZeroBrokerFees.com

    v.                                  Civil No. 06-cv-218-JM

Arthur Slattery, et al.


**O R D E R**

    Defendants have moved for reconsideration of my order dated March 31, 2008, granting their motion for summary judgment (document no. 32), and granting in part and denying in part plaintiff's motion for summary judgment (document no. 89).  I am not persuaded by the arguments presented, and find they fail to satisfy the requirements of Federal Rule of Civil Procedure 60 (governing relief from a judgment or order) or United States District Court for the District of New Hampshire Local Rule ("LR") 7.2(e) (governing motions for reconsideration for orders not governed by Fed. R. Civ. P. 59 or 60) to warrant reconsideration of their arguments on the mootness issue or the fees award issue.  The motion (document no. 106) is, therefore, denied with respect to those issues.

    Defendants also seek a clearer pronouncement of the injunction I referenced in my March 31, 2008 order that may be

issued. See Fed. R. Civ. P. 65(d). Upon further reflection, I conclude injunctive relief is not necessary under the circumstances here. A permanent injunction may issue when a plaintiff prevails on the merits, when it would suffer irreparable harm without an injunction, which harm would exceed the harm defendants would suffer if an injunction were imposed, and when the public interest would not be adversely affected by an injunction. See Aponte v. Calderon, 284 F.3d 184, 1919 (1st Cir. 2002). As discussed at length in my March 31, 2008 order, the business plaintiff offers provides a public service analogous to the classified advertisement section of a newspaper, which dissemination of information is in the public interest. My construction of the New Hampshire Real Estate Practices Act ("REPA") concluded that it did not prevent plaintiff from conducting its business in the manner described in the complaint and, therefore, did not violate plaintiff's First Amendment rights. As so construed, plaintiff will not suffer irreparable harm, nor would the public interest be adversely affected, absent an injunction. See Charlesbank Equity Fund II v. Blinds to Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004) (finding irreparable harm cannot be based on "conjecture, surmise, or a party's

unsubstantiated fears of what the future may have in store"). To the contrary, it is fair and reasonable to assume the parties will follow the interpretation of the REPA pronounced in my March 31, 2008 order, obviating the need for an injunction to enforce that construction of the REPA. See Langton v. Johnston, 928 F.2d 1206, 1220 (1st Cir. 1991) (discussing when a party may be held in contempt for failing to comply with a court order).

For the foregoing reasons, defendants' motion for partial reconsideration (document no. 106) is granted in part and denied in part.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 13, 2008

cc:  James W. Kennedy, Esq.
    Valerie J. Bayham, Esq.
    Charles G. Douglas, III, Esq.
    Steven M. Simpson, Esq.
    William H. Mellor, Esq.
    Jason R.L. Major, Esq.