UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Skynet Corp., d/b/a
ZeroBrokerFees.com

    v.                                          Civil No. 06-cv-218-JM

Arthur Slattery, et al.


**O R D E R**

Before the court is plaintiff's motion for attorney's fees (document no. 108), to which defendants object (document no. 110), and which, as has been the practice in this case, prompted both a reply (document no. 111) and a surreply (document no. 113). Plaintiff argues it is entitled to attorney's fees because it is a "prevailing party." See 42 U.S.C. § 1988 (giving the court discretion to award attorney's fees to a prevailing party). Defendants argue plaintiff is not a prevailing party, because I found the New Hampshire Real Estate Practices Act ("REPA") did not apply to plaintiff and, therefore, did not violate plaintiff's First Amendment rights. Although a prevailing party in a civil rights action is presumptively entitled to a fee award under Section 1988, see Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 293 (1st Cir. 2001) (citing authority),

where, as here, plaintiff did not obtain the equitable relief sought, yet managed to get the protection it wanted in bringing suit, its right to obtain fees as a "prevailing party" is not so clear cut.  After carefully considering the arguments on both sides, for the reasons set forth below, I decline to award plaintiff the requested attorney's fees.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief.  Plaintiff contended REPA violated its First Amendment rights both facially and as applied, by requiring it to obtain a real estate broker's license before it could operate its online real estate advertising and information service in New Hampshire.  Although REPA exempts newspapers and other publications of general circulation from its licensing requirement, see N.H. Rev. Stat. Ann. ("RSA") 331-A:2, the New Hampshire Real Estate Commission ("REC") had not definitively stated that an online web service like plaintiff's business falls within the exemption.  Because other businesses similar to plaintiff's had been investigated by the REC, plaintiff filed suit prophylactically to protect itself from potential prosecution and its attendant costs.  Plaintiff sought an injunction against the REC to prevent it from enforcing REPA's

licensing provisions.  Plaintiff also sought a declaratory judgment that the REPA's licensing provision was unconstitutional as a prior restraint of speech, a discriminatory content-based restriction, and a regulation of commercial speech.  Plaintiff did not seek any monetary damages.

On March 31, 2008, in deciding cross motions for summary judgment, I found that plaintiff's business fell within REPA's exemption provision and, therefore, plaintiff was not a "broker" within the meaning of REPA and not subject to its licensing requirement.  This ruling provided the protection plaintiff wanted, by enabling it to pursue its business in New Hampshire without the threat of prosecution by the REC for violating REPA.  As I construed REPA, it did not violate plaintiff's First Amendment rights because it did not require the challenged license.  Accordingly, the requested declaratory judgment was not granted, nor was the injunction, because an injunction was not needed to give legal effect to my construction of REPA.  Plaintiff, therefore, is in the unusual posture of winning on the merits, by having obtained the protection it sought, without obtaining a favorable ruling that the REPA is unconstitutional.

Defendants contend plaintiff did not prevail because the March 31, 2008, order simply states their position on the meaning of REPA, the scope of its licensing requirements, and the resulting impact on plaintiff's business.  They argue that the March 31, 2008, order did not change the actual relationship between the parties or the circumstances of the case, because the REC had construed the critical REPA provisions consistently with my construction of them, in a declaratory ruling issued on June 15, 2007.[1]  This argument does not conclusively resolve the issue, however, because, as discussed at length in my March 31, 2008, order, a declaratory ruling has none of the legal force or effect of a rule, regulation, or an order from this court.  Throughout the pendency of this law suit, defendants could have passed a rule or regulation interpreting the exemption provision to cover plaintiff's business, but defendants elected not to do

---

[1] Defendants rely heavily on this declaratory ruling, issued June 15, 2007, after a hearing on April 19, 2007.  The REC concluded, "[b]ased upon the facts that were presented by Skynet Corporation of the activities conducted through ZBF in the complaint [here]," that plaintiff would not be required to get a real estate broker license, that the Internet fell within the exemption provision, and that plaintiff was not a broker as defined in REPA.  Although that ruling is substantively consistent with the March 31, 2008, order, by defendants' own admission, it was limited to the particular facts considered by the REC on that particular date and has no binding effect in the future.

so.  Only after losing their motion to dismiss did defendants take any steps to provide plaintiff with some statement that its business could operate without needing to comply with REPA's licensing requirements.  The declaratory ruling defendants obtained simply does not have the legal force they now represent in arguing the relationship between the parties was not changed by this law suit.

To be deemed a "prevailing party," plaintiff must at least have "succeeded on an important issue in the case, thereby gaining at least some of the benefit he sought in bringing suit." Gay Officers Action League, 247 F.3d at 293, (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  That success has been explained as "'a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'"  Id. (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992); accord Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989)).  The critical issue here is whether plaintiff's success in obtaining a definitive ruling that it did not need a license under REPA actually modified defendants behavior.

Defendants, in fact, had not investigated or threatened to investigate plaintiff before suit was brought. While plaintiff may have had standing to bring this action, the challenged statute was found to be constitutional. This suit is analogous to the "catalyst theory" of victory, "which posits that a plaintiff is 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendants' conduct." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 601 (2001). While the facts presented here are not exactly analogous to those presented in Buckhannon, because defendants have not voluntarily issued a rule or regulation to give the findings made in the declaratory ruling binding legal effect and thereby moot plaintiff's claim, the analysis of Buckhannon clarifies the conflict presented by the result here.

In Buckhannon, the Court held that attorney's fees are not allowed in catalyst theory cases, because there is "no judicially sanctioned change in the legal relationship of the parties." Id. at 605. The dispositive issue is "the necessary judicial *imprimatur* on the change" in the legal relationship of the parties. Id. (emphasis in original). Here, plaintiff did not

receive a judgment that the REPA was unconstitutional, and did not "acquire[] a judicial pronouncement that the defendant has violated the Constitution."  Id. at 605-06 (citing precedent of circumstances where plaintiff was deemed a prevailing party).  "We cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined) has reached the 'sought-after destination' without obtaining any judicial relief."  Id. at 606.   Because plaintiff did not obtain the actual judicial relief it had sought when it filed this lawsuit of obtaining a ruling that the REPA is unconstitutional, I conclude that an award of attorney's fees is not appropriate in the circumstances presented here.  While my March 31, 2008, order gave plaintiff the protection it wanted, it also did not clearly materially alter the legal relationship between plaintiff and defendants to justify an exception to the normal rule that each party bears its own costs in litigation.  Accordingly,

plaintiff's motion for an award of attorney's fees (document no. 108) is denied.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:  June 19, 2008

cc:  Charles G. Douglas, III, Esq.
     Steven M. Simpson, Esq.
     Valerie J. Bayham, Esq.
     William H. Mellor, Esq.
     Jason R.L. Major, Esq.
     James William Kennedy, Esq.